## Croft & Allen Co. *v.* Franklin Baker Co., Appellant.

*Contract — Assignment of contract — Repayment of consideration for assignment—Statement of claim—Sale—Time for delivery—Pleading—Practice, C. P.*

Where a purchaser of goods, under contracts which specify time for delivery, assigns his interest in the contracts, specifying in the assignment the time for delivery as set forth in the contracts, and further providing that "if for any reason" the seller defaults in delivery, under the contracts with the assignor, the latter shall repay the money paid to him for the assignment, the assignee, in a suit based on failure of delivery against the assignor for the money paid, need not attach the original contracts to the statement of claim, inasmuch as the suit is based solely on the terms and conditions of the assignment, and there is nothing in the original contracts controlling the return of the consideration.

Argued January 11, 1922. Appeal, No. 135, Jan. T., 1922, by defendant, from order of C. P. No. 4, Phila. Co.,

Dec. T., 1920, No. 2216, making absolute rule for judgment for want of a sufficient affidavit of defense, in case of Croft & Allen Co. v. Franklin Baker Co. Before FRAZER, WALLING, SIMPSON, KEPHART and SCHAFFER, JJ. Affirmed.

Assumpsit to recover back money paid for assignment of contract.

Rule for judgment for want of a sufficient affidavit of defense.

The opinion of the Supreme Court states the facts.

Rule absolute. Defendant appealed.

*Error assigned,* inter alia, was order, quoting record.

*Robert T. McCracken,* with him *Roberts, Montgomery & McKeehan,* for appellant.—The statement of claim failed to have attached the Camp contracts.

The statement of claim failed to aver a tender of cash from plaintiff to defendant or to George B. Camp: Sanders v. Brock, 230 Pa. 609; Ephrata Water Co. v. Ephrata Boro., 20 Pa. Superior Ct. 149; Keeler v. Schmertz, 46 Pa. 135.

The statement of claim does not aver that shipping instructions were furnished: Kunkle v. Mitchell, 56 Pa. 100; Dwight v. Eckert, 117 Pa. 490; Hocking v. Hamilton, 158 Pa. 107.

The statement of claim must be self-sustaining and its defects may be attacked at any stage: Rosenblatt v. Weinman, 230 Pa. 536; Parry v. Bank, 270 Pa. 556; Fritz v. Hathaway, 135 Pa. 274.

*Hampton L. Carson,* with him *Joseph Carson,* for appellee.—This is not a suit against Camp. Whatever excuses or defenses he might have against the Franklin Baker Company cannot be availed of by that company against Croft & Allen. The receipt in terms excludes them.

Failure to attach the copy of the contract to the statement of claim is not reversible error: Hendley v. Bittinger, 249 Pa. 193.

The statement is self-sustaining under the language of Parry v. Bank, 270 Pa. 556.

OPINION BY MR. JUSTICE KEPHART, February 13, 1922:

The Franklin Baker Company, defendant and appellant, executed two contracts with George R. Camp, each dated October 31, 1919, wherein Camp sold 2,400 bags of granulated sugar at 12½ cents a pound, f. o. b. cars or lighter, to be shipped during May and June,—"Seller to have fifteen (15) days in addition to time above specified to make delivery. Complete and final shipping instructions to be furnished in writing to seller at least fifteen (15) days prior to shipment." Other terms are mentioned in the contracts, not important to the final determination of this case. For convenience, the above will be termed the original contracts.

The Franklin Company, by assignment, transferred to the Croft & Allen Co., plaintiff and appellee, for the consideration of $48,000, its rights in these two contracts, according to the conditions therein specified, the sugar to be delivered during the months of May and June, 1920,—the seller to have fifteen days in addition to make delivery. In addition to the assignments, this receipt was given: "Received this 3rd day of May, 1920, of Messrs. Croft & Allen Co., the sum of forty-eight thousand dollars ($48,000), as the consideration for the transfer of all right and title in certain contracts made between ourselves and Geo. R. Camp, for four hundred and eighty thousand (480,000) pounds of sugar at twelve and one-half cents (12½c) per lb., which we are reselling to Messrs. Croft & Allen Co. under contract at twelve and one-half cents (12½c). If for any reason Geo. R. Camp defaults in delivery under contract with ourselves, then we agree to return to Messrs. Croft & Allen Co. the forty-eight thousand dollars ($48,000)."

No deliveries having been made or tendered during the time limited, this action was instituted to compel a return of the sum paid for the rights assigned. The court below entered judgment for want of a sufficient affidavit of defense, from which this appeal is taken.

Defendant urges this was error for the reason the statement did not set out or attach the original contracts as the foundation of its action. Had this been done, it is said adequate reasons, taken in connection with the relevant facts as averred in the affidavit, would there appear, excusing deliveries.

The action is not against George R. Camp to enforce the terms of the original contracts, or for a rescission of those contracts. It is based solely on the terms and conditions of the assignment and receipt. If, by any possibility, the original contracts, or any of their terms, were part of the assignment and receipt, as they related to the subject-matter of this litigation,—i. e. should the consideration paid for the assignment of the rights to the sugar be returned?—of course the contracts or the terms must be a part of plaintiff's statement of claim; but there is nothing in the original contracts controlling the return of this consideration. Plaintiff's action was based on the unqualified stipulation that if no delivery was made under the contracts with Camp, the money should be returned. *They had written into the assignment the time of delivery from Camp,* to wit, during the months of May and June, and fifteen days thereafter. The assignment and receipt covered all that was necessary to determine defendant's right to the $48,000; they were complete in themselves and did not need the aid of any other document to clarify their meaning. Whatever may have been the excuses or reasons for failure to deliver,— as they affect the original contracts,—is immaterial when considering the legal status of the assignment and receipt. These reasons have no bearing or place in an action for the return of the money because of no delivery.

The words in the receipt, "if for any reason," clearly negative the idea of possible excuses for nondelivery, as they might appear in the original contracts. These words fixed an unwaivering condition,—the sugar was to be delivered one month and fifteen days after May 1st and June 1st, respectively. If it was not delivered in that time, the money was to be returned. If excuses can toll the time limited, the contract would be rewritten, and the effect of the words, "if for any reason," greatly modified.

Croft & Allen's right against Camp to enforce the original contracts must be worked out through the instruments affecting Camp. Any rights Croft & Allen had against the Franklin Company must be worked out through the instruments affecting these parties. If Camp has performed under his contracts with Franklin Company, for use of Croft & Allen, but not under the special feature in the contract between Franklin and Croft & Allen, Camp's rights may not be lessened by this circumstance, and Franklin Company, if damaged, even though it is compelled to return the bonus or assignment price, may be in a position similar to that of Camp with respect to the original contracts. What we here decide is that to enforce return of the bonus we must look to the receipt and assignment, and we find no delivery made as there contemplated; when it comes to delivery under and within the meaning of the original contracts by Camp, and liability thereunder, this appellee may face some or all of the questions now urged by appellant.

Plaintiff does not sue to recover back money because of an alleged rescission of the original contracts made with Camp, a third party, assigned to plaintiffs, nor in rescission or cancellation of the assignment, but in full and exact affirmance of it. The two transactions in this respect are separate and distinct. They bear such relation one to the other as their subject-matter may require; had plaintiff sued Camp for failure to perform, undoubtedly he could have relied upon every defense here set up.

And if and when Camp sues plaintiff for failure to receive in accordance with the terms of the sugar contracts, undoubtedly all conditions and elements in these contracts will be taken into consideration. Plaintiff no doubt wanted to make sure it was getting something when it paid $48,000, and was not merely buying a piece of paper.

The judgment of the court below is affirmed.